**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Tim Marlowe, on his own behalf and for all others similarly situated, | CASE NO. 1:17 CV 332 |
| Plaintiff, | JUDGE PATRICIA A. GAUGHAN |
| vs. | |
| The Nature's Bounty Co., et al., | **Memorandum of Opinion and Order** |
| Defendant. | |

**INTRODUCTION**

This matter is before the Court upon Defendants' Motion to Dismiss the First Amended Complaint (Doc. 11). This is a putative class action involving the consumer sale of vitamins and supplements. Plaintiff, Timothy Marlowe, on behalf of himself and other similarly situated individuals, brings this class action lawsuit against Defendants, The Nature's Bounty Co. and Alphabet Holding Company, Inc., alleging that the labels on bottles of Defendants' vitamins and supplements misleadingly stated that the bottles contained "free" tablets when they did not. For the reasons that follow, Defendants' motion is GRANTED.

**FACTS**

For the purpose of ruling on Defendants' motion, the facts in the First Amended Class Action Complaint are presumed true.

Between April and June of 2016, Plaintiff purchased a bottle of Nature's Bounty Biotin Ultra Strength, 10000mg softgels, at a CVS store located in Painesville, Ohio. The bottle that he purchased stated that it contained "100% more free" tablets. The label also stated that the bottle contained "~~60~~ 120 softgels." Plaintiff alleges that Defendants' bottles of Nature's Bounty Biotin Ultra Strength, 10000 mg softgels have contained the same quantity of tablets since at least 2013. He alleges that at least two of Defendants' other products, Melatonin 1mg and Glucosamine Chondroitin Complex, contained similar "more free" labels where the quantity of tablets in the bottles had remained constant since 2013. According to Plaintiff, Defendants never changed the quantity of the products during the class period in a manner that would cause the "more free" labels to accurately reflect the pricing of the more-free products. Instead, the quantity of tablets packaged and sold by the Defendants remained constant throughout the period, so no consumer, during the class period, received "more free" product as advertised on the bottle.

Plaintiff seeks to bring this case as a class action on behalf of "[a]ny Ohio resident who, during the six-year period immediately prior to the filing of this lawsuit and thereafter, purchased any of the Defendants' products in Ohio marked on the bottle as a 'more free' product (e.g. '50 more free tables'; '100% more free') where the product had not been sold at a similar price without that additional 'more free' product for at least 28 of the 90 days preceding the class member's purchase."

2

On January 12, 2017, Plaintiff filed a complaint in the Court of Common Pleas for Lake County, Ohio. Defendants timely removed the case to this Court. Thereafter, Plaintiff filed an amended complaint containing three claims for relief: violation of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345, et seq.; unjust enrichment; and fraud. Defendants move to dismiss the First Amended Complaint and Plaintiff opposes the motion.

**STANDARD OF REVIEW**

When considering a motion to dismiss under Rule 12(b)(6), the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999). Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47. However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

In addition, a claimant must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1955 (2009). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*

3

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it stops short of the line between possibility and plausibility of "entitlement to relief."

*Id*. at 1949 (citations and quotations omitted).

## ANALYSIS

### A. OCSPA Claim

Defendants argue that Plaintiff's OCSPA claim fails because he does not allege that any misrepresentation impacted his decision to purchase the bottle of biotin. In response, Plaintiff argues that reliance is not an element of an OCSPA claim.

The greater weight of authority in the Sixth Circuit holds that a plaintiff must show a connection between the defendant's alleged misrepresentation and the plaintiff's injuries to state a claim for an OCSPA violation. Two Sixth Circuit cases, *Temple v. Fleetwood Ent.*, *Inc.*, 133 Fed. Appx. 254 (6th Cir. 2005), and *Butler v. Sterling, Inc.*, 2000 WL 353502 (6th Cir. 2000), have addressed the issue. The court in *Lilly v. Hewlett-Packard Co.*, 2006 WL 1064063 (S.D. Ohio April 21, 2006), summarized *Temple* and *Butler* as follows:

> Although the Court's research has not developed any Ohio cases directly addressing the issue of whether reliance is an element of a claim under § 1345.02, two unreported cases from the Sixth Circuit [] have taken divergent paths to reach a similar result. In *Temple v. Fleetwood Ent., Inc.*, 133 Fed.Appx. 254 (6th Cir. 2005), the Court held that..., the plaintiff must 'show a material misrepresentation, deceptive act or omission that impacted his decision to purchase the item at issue.' Id. at 266. Conversely, in *Butler v. Sterling, Inc.*, 2000 WL 353502 (6th Cir. 2000), the Court stated that 'a showing of subjective reliance is probably not necessary to prove a violation of the OCSPA.' *Id.* at *4. Nevertheless, the Court held [that] the plaintiff must establish that his or her damages were proximately caused by the defendant's conduct. *Id.* In other words, there must be a nexus between the defendant's conduct and the alleged injury.

4

*Id.* at *5. Thus, "where the defendant is alleged to have made material misrepresentations or misstatements, there must be a cause and effect relationship between the defendant's acts and the plaintiff's injuries." *Id.* (finding that plaintiff failed to state a claim under the OCSPA where the complaint did not allege that plaintiff saw or was even aware of the alleged misrepresentations).

Following *Temple*, district courts in the Sixth Circuit–including this one–have consistently held that, to survive a motion to dismiss an OCSPA claim, a plaintiff must allege that he or she was aware of the alleged misrepresentation before or during the purchase. Without having seen the alleged misrepresentation, a plaintiff cannot establish the required connection between the misrepresentation and his injuries. *See Savett v. Whirlpool Corp.*, 2012 3780451, *6 (N.D. Ohio Aug. 31, 2012) (dismissing OCSPA claim where plaintiff failed to allege that he saw the allegedly misleading advertisement at any point); *Reeves v. PharmaJet, Inc.*, 846 F. Supp. 2d 791, 798-99 (N.D. Ohio 2012) (dismissing OCSPA claim because complaint did not allege that the plaintiff "saw or was even aware of any alleged misrepresentation" regarding the product before he purchased it); *In re Porsche Cars North America, Inc.*, 2012 WL 2953651 (S.D.Ohio July 19, 2012) ("To bring an OCSPA claim premised on affirmative conduct, a plaintiff must allege that he 'saw or was ... aware of the alleged misrepresentations at any time before or during the purchase.'").

Here, Plaintiff does not allege that he ever saw the "more free" label or that he was aware of the label at any point during his purchase. Plaintiff does allege that he "would not have purchased Nature's Bounty products, absent defendant's misrepresentations, had the true facts been known" and that "[a]s a direct and proximate cause of the Defendants' CSPA violations, the Plaintiff and the class members have been injured." But these are conclusory allegations and

unwarranted factual inferences given Plaintiff's failure to allege any awareness of the label. Because it is "clear that no representation [by Defendants] played any role in convincing Plaintiff" to purchase the bottle of biotin, the First Amended Complaint fails to state a claim under the OCSPA and must be dismissed.[1]

Having so concluded, the Court need not reach whether the claim fails for the additional reasons argued by Defendants.

**B. Unjust Enrichment**

Defendants argue that Plaintiff fails to state a claim for unjust enrichment because he does not allege that he conferred a direct benefit on them. Plaintiff responds that his allegations are sufficient because he alleged that he conferred a benefit on Defendants when he purchased Defendants' product through its retailer, CVS.

Where "a party retains money or a benefit that in equity or justice belongs to another," he will be liable for unjust enrichment. *Eyerman v. Mary Kay Cosmetics, Inc.*, 967 F.2d 213, 222

---

[1] The *Butler* court reasoned that proximate cause is required for an OCSPA claim because "a tort claim, without some from of nexus between a defendant's conduct and a plaintiff's alleged injuries, would be a strange cause of action indeed...[I]f [no nexus were required]...Butler would be entitled to compensation for a purported injury every time she purchased jewelry from the defendants after the incident here in question. The obligation to prove proximate cause precludes the possibility of such a potentially enormous and unearned reward." 2000 WL 353502, at *4. Here, Plaintiff argues that reliance is not required and that he would be entitled to statutory damages in the amount of $200 even in the absence of actual damages. If the Court were to accept both of Plaintiff's arguments, then he would be entitled to $200 every time he purchases a bottle of Defendants' products that contain the "more free" label, even though he did not do so in reliance on the label. While Plaintiff does not allege how much he paid for the bottle of biotin, it was very likely less than $200. Thus, Plaintiff's position would create a perverse incentive for individuals to purchase numerous bottles of biotin and sue for a "potentially enormous and unearned reward."

(6th Cir. 1992) (citing *Hummel v. Hummel*, 14 N.E.2d 923 (Ohio 1938)). The elements of a claim for unjust enrichment include (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Hambleton v. R.G. Barry Corp.*, 465 N.E.2d 1298, 1302 (Ohio 1984) (citing *Hummel*, 14 N.E.2d 923).

Upon review, the Court finds that plaintiff fails to state a claim against Defendants for unjust enrichment because Plaintiff does not allege that he conferred a direct benefit on them. Under Ohio law, indirect purchasers may not assert unjust enrichment claims against a defendant without establishing that the purchaser conferred a benefit on the defendant through an economic transaction. *See Johnson v. Microsoft Corp.*, 834 N.E.2d 791, 799 (Ohio 2005)("no economic transaction occurred between [plaintiff] and Microsoft, and, therefore, [plaintiff] cannot establish that Microsoft retained any benefit 'to which it is not justly entitled.'"). *See also, Savett*, 2016 WL 3780451, at *7 (holding that unjust enrichment claim against Whirlpool failed because plaintiff alleged that he purchased the product from Home Depot); *In re Whirlpool Corp. Front-Loading Washer Prods. Liability Litig.*, 684 F. Supp. 2d 942, 952 (N.D. Ohio 2009) (noting that a "chain of sale" argument is contrary to Ohio law and, absent an allegation of a direct benefit, an unjust enrichment claim against a manufacturer cannot stand). Plaintiff alleges in a conclusory fashion that "Nature's Bounty intends to directly benefit from all ... purchases [of its products], and did for the purchases by [Plaintiff] and the class." (Fist Am. Comp. ¶ 31). Nevertheless, other factual allegations in the First Amended Complaint make clear that there was no direct economic transaction between Plaintiff and Defendants. Specifically, Plaintiff alleges

7

that he purchased the bottle of biotin from CVS. (First Am. Comp. ¶ 21). Indeed, Plaintiff admits that "Nature's Bounty has made the specific business decision...to sell its products through established retailers like Walgreens, CVS, Walmart, etc." (*Id.* ¶ 34). Thus, any benefit that Defendants received was indirect. Because there was no economic transaction between Plaintiff and Defendants, his unjust enrichment claim fails.

Plaintiff's claim fails for the additional reason that he does not allege that he paid more than the value of the product that he received. Plaintiff alleges only that the price being advertised was fictitious; he does not allege that the amount he paid for the bottle of biotin was more than the value of the product that he received in return. Plaintiff, thus, received the benefit of what he paid for. Under the facts as alleged in the First Amended Complaint, he cannot recover on the basis that Defendants' retention of the benefit would be unjust in these circumstances. *See Gerboc v. ContextLogic, Inc.*, No. 1:16 CV 928, 2016 WL 6563684, at *6 (N.D. Ohio Nov. 4, 2016) (holding that unjust enrichment claim failed where plaintiff did not allege that the product he purchased was worth less than the amount he paid).

### C. **Fraud**

Finally, Defendants argue that the First Amended Complaint fails to state a fraud claim because it does not allege reliance. The elements of common law fraud under Ohio law are: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance.

*Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 352 (6th Cir. 2000) (quoting *Burr v. Board of County Comm'rs of Stark Co.*, 23 Ohio St. 3d 69, 491 N.E.2d 1101, 1105 (1986)). A complaint alleging fraud must allege with particularity those circumstances constituting fraud. *Id.* at 346 (citing Fed. R. Civ. P. 9(b)).

Here, Plaintiff alleges that "Defendants intended Plaintiff and the putative class members to justifiably rely on th[eir] representations of 'more free' product by purchasing the product, and Plaintiff and the class made those purchases." (First Am. Comp. ¶ 108). According to Plaintiff, "[p]leading that a supplier promised a specific, calculable discount; with the intent that customers would rely on that promise in paying for the product; then did not provide the promised discount, meets the substantive elements for fraud under common law." (Pl.'s Br. in Opp. at 24). Plaintiff's argument conflates the fourth and fifth elements of a fraud claim. Pleading that Defendants intended for Plaintiff to justifiably rely on the "more free" label is not the same as pleading that Plaintiff did, in fact, justifiably rely on the label. Both are required elements of a fraud claim. Nowhere, however, does he allege that he actually saw the "more free" label or that he justifiably relied on the label in purchasing the biotin. Accordingly, his claim is dismissed.

Having disposed of all of the claims in this case, the Court need not reach whether Plaintiff has standing to assert claims on behalf of purchasers of Defendants' products other than Nature's Bounty Biotin.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss the First Amended Complaint (Doc. 11) is GRANTED.

IT IS SO ORDERED.

       /s/ Patricia A. Gaughan
      PATRICIA A. GAUGHAN
      United States District Judge

Dated: 5/25/17